IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVE WEST INDIAN PRODUCTS CORP., <br> Plaintiffs, <br> v. <br> MATRIX 2.0 MARKET LLC, MAHADEO ARJUN, SUBISCO, INC., MOHAMED FIRZAMODEEN ALLY, KALAM'S BAZAAR; and JOHN DOES 1–10 and JANE DOES 1–10, <br> Defendants. | Civil Case No.: 1:25-cv-7138 |

## COMPLAINT

Plaintiff DAVE WEST INDIAN PRODUCTS CORP., ("Plaintiff" or "DWIP") by its attorneys files this Complaint against Defendants MATRIX 2.0 LLC, ("Defendant" or "MATRIX"), MAHADEO ARJUN ("Defendant" or "ARJUN"), SUBISCO, INC. ("Defendant" or "SUBISCO"), MOHAMED FIRZAMODEEN ALLY ("Defendant" or "ALLY"), KALAM'S BAZAAR ("Defendant" or "KALAM"), and alleges as follows:

**NATURE OF THE ACTION**

1)  This is an action for temporary, preliminary, and permanent injunctive relief, damages, and equitable remedies arising from Defendants' knowing and willful importation, distribution, and sale of products manufactured by Edward B. Beharry & Company Limited ("Beharry") in violation of Plaintiff's exclusive distribution rights, the Lanham Act, 15 U.S.C. §§ 1114, 1124, and 1125(a), and New York law.

**JURISDICTION AND VENUE**

2) This Court has subject matter jurisdiction over this action pursuant to 28 USCS § 1331 and 28 USCS § 1338, because this action arises under the Lanham Act, 15 U.S.C. §§ 1051 et seq. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 USCS § 1367.

3) This Court has personal jurisdiction over MATRIX 2.0 MARKET LLC, because it is a New York limited liability company with its principal place of business at 107-05 Liberty Ave., South Richmond, New York 11419.

4) This Court has personal jurisdiction over SUBISCO, INC. because it is a New York corporation with its principal place of business at 178-32 Jamaica Ave. Jamaica, New York 11433.

5) This Court has personal jurisdiction over MAHADEO ARJUN, because he is domiciled at 10 Christine Court, Bohemia, New York 11716, and is a principal officer of the Matrix 2.0 Market, LLC, exercising direct control over Matrix' commercial operations.

6) This Court has personal jurisdiction over MOHAMED FIRZAMODEEN ALLY, because he is domiciled in the state of New York and is a principal officer of Subisco, Inc., exercising direct control over Subisco's commercial operations from 94-11 199th Street Hollis, New York 11423.

7) This Court has personal jurisdiction over KALAM'S BAZAAR because it is a retail grocery store operating as a New York corporation with its principal place of business at 98-01 Liberty Avenue, Ozone Park, New York 11417.

8) This Court has personal jurisdiction over John Does 1-10 and Jane Does 1-10 because they are wholesale and retail stores operating as New York corporations or as alter ego personal businesses with their principal places of business in New York state.

**PARTIES**

9) Plaintiff DAVE WEST INDIAN PRODUCTS CORP. ("DWIPC") is a corporation formed under the laws of New York with a principal place of business at 98-07 97th Avenue, Ozone Park, New York 11416.

10) Defendant MATRIX 2.0 MARKET LLC is a limited liability company formed under the laws of New York with a principal place of business in New York.

11) Defendant SUBISCO, INC. is a corporation formed under the laws of New York with a principal place of business in New York.

12) Defendant MAHADEO ARJUN, is natural person domiciled at 10 Christine Court, Bohemia, New York 11716, and is a principal officer of the Matrix 2.0 Market, LLC, exercising direct control over Matrix' commercial operations.

13) Defendant MOHAMED FIRZAMODEEN ALLY, is a natural person domiciled in the state of New York and is a principal officer of Subisco, Inc., exercising direct control over Subisco's commercial operations from 94-11 199th Street Hollis, New York 11423.

14) Defendant KALAM'S BAZAAR is a retail grocery store operating as a New York corporation with its principal place of business at 98-01 Liberty Avenue, Ozone Park, New York 11417.

15) Defendants JOHN DOES 1-10 and JANE DOES 1-10 are individuals or entities whose identities are currently unknown, but who participated in the unlawful conduct alleged herein.

**STATEMENT OF FACTS**

16) DWIPC is the exclusive importer and distributor of food products manufactured by Edward B. Beharry & Company Limited ("Beharry") of Guyana, sold under the INDI, CHICO, and CHAMPION trademarks within the states of New York, New Jersey, Georgia, and Maryland.

17) DWIPC's exclusive distribution rights are documented in a letter agreement dated February 6, 2025, and are effective from January 1, 2025, to December 31, 2025.

18) The products covered by DWIPC's exclusive distribution agreement include, but are not limited to: Champion Chowmein Noodles, Champion Macaroni, Indi Garam Masala, Indi Geerah (Cumin Powder), Champion Custard Powder, Indi Spicy Curry Powder, Indi Spices, Champion Chowmein Seasoning, Indi Curry Powder, Chico Black Pepper, Champion Baking Powder, Champion Icing Sugar, Indi Duck and Goat Curry Powder, and various Chico Confectionery products.

19) DWIPC has invested substantial resources in developing the market for Beharry products in its exclusive territory, including marketing expenditures, relationship building with retailers, and quality assurance measures.

20) As part of DWIPC's ongoing market monitoring program to protect its exclusive distribution rights, Dinesh Meerahoo, DWIPC's Director of Distribution Operations, visited Matrix 2.0 LLC Market, located at 10705 Liberty Avenue, South Richmond Hills, NY 11419, on three separate occasions.

21) On October 3, 2025, Mr. Meerahoo purchased the following Beharry products from Matrix 2.0 LLC Market: Indi Special Madras Curry Powder 100g, Golden Cream Margarine 450g, Chico Black Pepper 14g, and two packages of Champion Chowmein 16oz.

4

22)     On August 27, 2025, Mr. Meerahoo purchased the following Beharry products from Matrix 2.0 LLC Market: Indi Special Madras Curry Powder 400g, Golden Cream Margarine 450g, and Champion Chowmein 16oz.

23)     On October 27, 2025, Mr. Meerahoo purchased the following Beharry products from Matrix 2.0 LLC Market: Champion Chowmein 16oz and Indi Special Madras Curry Powder 400g.

24)     Mr. Meerahoo also visited Kalam's Bazaar, a retail distribution point for Subisco, on October 27, 2025, and purchased Indi Curry Powder 400g and Champion Chowmein 454g.

25)     Mr. Meerahoo verified that each product purchased was an authentic Beharry product by comparing the packaging design, color scheme, and logo placement with authorized Beharry products in DWIPC's inventory; verifying the batch numbers against Beharry's manufacturing records through DWIPC's product authentication database; confirming that the UPC codes matched those assigned to authentic Beharry products; and examining the product quality, consistency, and packaging integrity.

26)     On October 16, 2025, following the discovery of unauthorized sales, DWIPC sent a cease-and-desist letter to Matrix 2.0 LLC Market via certified mail, notifying them of DWIPC's exclusive distribution rights and requesting that they discontinue sales of Beharry products.

27)     On October 16, 2025, DWIPC also sent a cease-and-desist letter to Subisco via certified mail, notifying them of DWIPC's exclusive distribution rights and requesting that they discontinue sales of Beharry products.

28)     Previously, on February 26, 2025, following the discovery that Subisco was importing Beharry products for sale into DWIPC's exclusive distribution market, DWIPC sent a cease-and-desist letter to Subisco via certified mail.

29) As of October 27, 2025, Matrix 2.0 LLC Market continued to sell Beharry products despite having received the cease-and-desist letter, as confirmed by the USPS delivery confirmation showing receipt on October 21, 2025.

30) As of October 31, 2025, Subisco continued to sell Beharry products through Kalam's Bazaar despite having received the cease-and-desist letter, as confirmed by the USPS delivery confirmation showing receipt on October 27, 2025.

31) Defendants' unauthorized sales have caused and continue to cause significant harm to DWIPC's business operations, including loss of sales revenue, damage to DWIPC's business relationship with Beharry, undermining of DWIPC's pricing structure and market positioning, customer confusion regarding product authenticity and proper channels for purchasing Beharry products, and potential quality control issues.

32) Defendants' unauthorized sales bypass DWIPC's quality-control, traceability, pricing, and regulatory compliance systems.

## CLAIMS FOR RELIEF

### Count I - Trademark Infringement in Violation of 15 USCS § 1114
(Against all Defendants)

33) Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 as if fully set forth herein.

34) Plaintiff has exclusive distribution rights for Beharry's trademarked products.

35) DWIPC has exclusive distribution rights for Beharry's INDI, CHICO, and CHAMPION branded products in New York, New Jersey, Georgia, and Maryland, as documented in the letter agreement dated February 6, 2025.

36) Defendants used Beharry's trademarks in commerce without Plaintiff's consent.

37) Defendants Matrix 2.0 Market LLC and Subisco, Inc. have imported, distributed, and sold Beharry products bearing the INDI, CHICO, and CHAMPION trademarks without DWIPC's authorization or consent.

38) Defendants' unauthorized sales were confirmed through multiple purchases made by DWIPC's Director of Distribution Operations on August 27, October 3, and October 27, 2025.

39) Defendants' use of Beharry's trademarks is likely to cause confusion.

40) Defendants' unauthorized sales of Beharry products are likely to cause confusion among consumers regarding the source, sponsorship, or approval of these products.

41) Consumers are likely to believe that Defendants' Beharry products are being sold with DWIPC's authorization and are subject to DWIPC's quality control measures, when they are not.

42) Defendants' continued sales of Beharry products after receiving cease-and-desist letters demonstrate willful infringement.

**Count II - Unfair Competition in Violation of 15 USCS § 1125**
(Against all Defendants)

43) Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 39 as if fully set forth herein.

44) Defendants used a false designation of origin or false description or representation in connection with goods.

45) By selling Beharry products without authorization from DWIPC, the exclusive distributor, Defendants have falsely represented that they are authorized to sell these products and that the products are subject to DWIPC's quality control measures.

46) Defendants caused goods to enter interstate commerce.

47) Defendants have imported Beharry products and offered them for sale in commerce in the United States.

48) Defendants' conduct is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendants' goods.

49) Consumers are likely to be confused or deceived about whether Defendants' Beharry products are authorized, genuine, or subject to DWIPC's quality control measures.

50) Defendants' unauthorized sales create a false impression that the products are being sold with DWIPC's authorization and approval, when they are not.

**Count III - Unlawful Importation in Violation of 15 USCS § 1124**
(Against all Defendants)

51) Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 47 as if fully set forth herein.

52) Defendants imported goods bearing registered trademarks without the consent of the trademark owner or its authorized distributor.

53) Defendants have imported Beharry products bearing the INDI, CHICO, and CHAMPION trademarks without the authorization of DWIPC, the exclusive distributor with rights to these trademarks in the specified territories.

54) DWIPC sent cease-and-desist letters to all defendants informing them of DWIPC's exclusive distribution rights, but they continued to import and sell the products.

55) Defendants' continued importation of Beharry products after receiving notice of DWIPC's exclusive distribution rights demonstrates willful violation of the law.

## Count IV - Tortious Interference with Contract
(Against all Defendants)

56) Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 52 as if fully set forth herein.

57) A valid contract exists between Plaintiff and a third party.

58) DWIPC has a valid exclusive distributor agreement with Beharry for certain products in specific territories, as documented in the letter dated February 6, 2025.

59) Defendants had knowledge of that contract.

60) Defendants knew of DWIPC's exclusive distribution agreement with Beharry, as evidenced by the cease-and-desist letters sent to them specifically referencing this agreement.

61) Defendants intentionally procured the third party's breach of the contract without justification.

62) By importing and selling Beharry products in DWIPC's exclusive territory, Defendants intentionally interfered with DWIPC's contractual relationship with Beharry.

63) Defendants' actions were without justification, as they continued their unauthorized sales even after receiving cease-and-desist letters.

64) The contract was actually breached.

65) Defendants' actions have caused or contributed to a breach of the exclusive distribution agreement between DWIPC and Beharry.

66) Plaintiff suffered damages resulting from the breach.

67) DWIPC has suffered damages, including loss of sales revenue, damage to its business relationship with Beharry, undermining of its pricing structure, and customer confusion.

## Count V - Tortious Interference with Business Relations
(Against all Defendants)

68) Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 64 as if fully set forth herein.

69) Plaintiff has business relationships with third parties.

70) DWIPC has established business relationships with retailers and customers in its exclusive territory.

71) Defendants had knowledge of those relationships.

72) Defendants knew or should have known of DWIPC's business relationships with retailers and customers in the exclusive territory.

73) Defendants intentionally interfered with those relationships.

74) By selling unauthorized Beharry products, Defendants intentionally interfered with DWIPC's business relationships with retailers and customers.

75) Defendants acted solely out of malice or used improper or illegal means that amounted to a crime or independent tort.

76) Defendants used improper means, including trademark infringement and unfair competition, to interfere with DWIPC's business relationships.

77) Defendants' continued sales after receiving cease-and-desist letters demonstrate malicious intent.

78) Plaintiff's business relationships were injured.

79) DWIPC's business relationships have been injured by Defendants' actions, resulting in customer confusion, loss of goodwill, and undermining of DWIPC's pricing structure and market positioning.

## Count VI - Unfair Competition under New York Common Law
(Against all Defendants)

80) Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 76 as if fully set forth herein.

81) Defendants misappropriated Plaintiff's labors and expenditures in bad faith.

82) DWIPC has invested substantial resources in developing the market for Beharry products in its exclusive territory, including marketing expenditures, relationship building with retailers, and quality assurance measures.

83) Defendants have misappropriated these efforts in bad faith by selling unauthorized Beharry products, thereby free-riding on DWIPC's investments and efforts.

84) Defendants' continued sales after receiving cease-and-desist letters demonstrate bad faith.

85) Defendants' actions are likely to cause confusion or deception of the public.

86) Defendants' unauthorized sales create a likelihood of confusion among consumers regarding product authenticity, warranty coverage, and proper channels for purchasing Beharry products.

87) Consumers are likely to believe that Defendants' Beharry products are being sold with DWIPC's authorization and are subject to DWIPC's quality control measures, when they are not.

## Count VII - Deceptive Business Practices in Violation of NY CLS Gen Bus § 349
**(Against all Defendants)**

88)     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 84 as if fully set forth herein.

89)     Defendants engaged in consumer-oriented conduct.

90)     Defendants' unauthorized sales of Beharry products are directed at and impact consumers in the marketplace.

91)     Defendants' conduct is materially misleading.

92)     Defendants' sales of unauthorized Beharry products are materially misleading because they create the false impression that the products are being sold through authorized channels with proper quality control and warranty coverage.

93)     Consumers are likely to be misled about the source, authorization, and quality control of the Beharry products sold by Defendants.

94)     Plaintiff has been injured by Defendants' conduct.

95)     DWIPC has been injured by these deceptive practices through loss of sales revenue, damage to its business relationships, and undermining of its pricing structure and market positioning.

96)     DWIPC has also suffered injury to its reputation and goodwill in the marketplace.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

A. A temporary restraining order pursuant to 15 USCS § 1116, 19 USCS § 1526, NY CPLR § 1333 and NY CPLR § 6313 enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from importing, distributing, offering for sale, or selling any products manufactured by Edward B. Beharry & Company Limited.

B. A preliminary injunction pursuant to 15 USCS § 1116, 19 USCS § 1526, NY CPLR § 1333 and NY CPLR § 6313 enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from importing, distributing, offering for sale, or selling any products manufactured by Edward B. Beharry & Company Limited.

C. A permanent injunction pursuant to 15 USCS § 1116, 19 USCS § 1526, NY CPLR § 1333 and NY CPLR § 6313 enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from importing, distributing, offering for sale, or selling any products manufactured by Edward B. Beharry & Company Limited in violation of Plaintiff's exclusive distribution rights.

D. An order authorizing coordination with U.S. Customs and Border Protection pursuant to 15 USCS § 1124, including service of the Court's order upon CBP at ports of entry such as JFK and EWR, to prevent further importation of infringing and gray-market Beharry products.

E. An order pursuant to 15 USCS § 1118 directing the destruction of all labels, signs, prints, packages, wrappers, receptacles, and advertisements in Defendants' possession bearing the INDI, CHICO, and CHAMPION trademarks, and all plates, molds, matrices, and other means of making the same.

F. An accounting of Defendants' profits derived from their unlawful activities pursuant to 15 USCS § 1117.

G. Disgorgement of Defendants' profits derived from their unlawful activities pursuant to 15 USCS § 1117.

H. Damages in an amount of at least $1,000,000, to be determined at trial for all injuries sustained by Plaintiff as a result of Defendants' wrongful acts pursuant to 15 USCS § 1117.

I. Enhanced damages pursuant to 15 USCS § 1117 due to Defendants' willful infringement.

J. Attorneys' fees and costs pursuant to 15 USCS § 1117.

K. Pre-judgment and post-judgment interest.

L. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

New York, New York
December 30, 2025

WHITTIER LAW GROUP, LLC
Attorneys for Plaintiff
N.Y. Atty. Reg. # 4074936

By: _C.A. Whittier_
Charles A. Whittier, Esq.
305 Broadway, 7th Floor
New York, NY 10007